LUTHER LAFLIN MILLS, State's Attorney,

*v.*

JULIA B. NEWBERRY *et al.*

*Filed at Ottawa January 22, 1885.*

| 112 | 123 |
| 135 | 400 |
| 112 | 123 |
| 145 | 641 |
| 112 | 123 |
| 44a | 508 |
| 112 | 123 |
| 163 | 301 |
| 112 | 123 |
| 76a | 567 |
| 112 | 123 |
| 83a | 153 |
| 112 | 123 |
| 183 | 209 |
| 112 | 123 |
| 190 | ²208 |

1. WILL—*legacy on a condition precedent, after refusal to perform.* Where a legacy is given upon a condition precedent, not performed, the legacy falls into the residue; and when a legacy lapses, there being no residuary bequest, the subject matter of the legacy will go to the next of kin as estate undisposed of under the will.

2. SAME—*whether creating a residuary bequest.* A devise was in these words: "In the event I die unmarried, leaving my mother surviving, I devise and bequeath to her all my property, both real and personal, of every kind and nature, upon the express condition, however, that she devise, by will to be executed before receiving this bequest, so much thereof as shall remain undisposed of or unspent at the time of her decease, to such charitable institution for women, in said city of Chicago, as she may select:" *Held,* that the remainder spoken of was by no means tantamount to a residuary clause, that will embrace all not disposed of to others by the will, but that it is something which may never be, and that if it ever arises it will only be upon the decease of the devisee named.

3. SAME—*acceleration of a residuary devise—when it takes effect in possession.* Where a testatrix devised all her estate to her mother, upon the express condition the latter should devise, by will to be executed before taking the bequest, what portion thereof might remain undisposed of or unspent at her death, to some charitable institution in a certain city, and the mother refused to make any such devise by will, it was *held,* that the refusal by the mother to execute the will in no way interrupted her use and enjoyment of the estate during her life, as the only heir, and that which was to go over to charity was not that which remained undisposed of and unspent at the time of her refusal to perform the condition or to take under the will, but what remained unspent by her at her death,—and hence there was no acceleration as to charity taking effect in possession.

4. There being no residuary clause in the will, upon non-performance of the condition precedent the property passed to the mother as the next of kin. The rule of acceleration is applied in supposed fulfillment of the testator's intention, and where it appears that it was intended that the mother should enjoy the estate for life, it matters not whether she does so as heir or as devisee.

5. SAME—*creation of a trust by request, etc., of devisee, to dispose of for another.* Where a bequest is accompanied by words expressing a command, recommendation, entreaty, wish or hope, on the part of the testator,

that the donee will dispose of the property devised, in favor of another, a trust will be created,—first, if the words, on the whole, are sufficiently imperative; second, if the subject be sufficiently certain; and third, if the object be also sufficiently certain.

6. SAME—*construction in favor of charities—recommendatory words.* A devise or bequest for a public charitable use is favored in law, and a will giving the same should receive a more liberal construction than will be allowed in gifts to individuals, and courts of equity have gone great lengths by creating implied or constructive trusts from mere recommendation and precatory words of testators; but in modern times the disposition is to give the words used their natural and ordinary sense, unless it is clear they are used in a peremptory sense.

7. SAME—*words construed as peremptory, and as creating a trust for a charity.* A devise by a daughter to her mother of all her estate, "upon the express condition, however, that she devise, by will to be executed before receiving this bequest, so much thereof as shall remain undisposed of or unspent at the time of her decease, to such charitable institution for women in," etc., as she may select, was held sufficiently imperative to create a constructive trust in favor of the charity in respect to such property as might be the subject of a trust, and that the object of the trust was sufficiently certain.

8. SAME—*trust created, not defeated by the devisee failing to execute testator's wish.* Where a devise is made in favor of a particular person, with a general intention in favor of a class to be selected by such person, whose duty it is made to execute the power given, the court will not permit the object of the power to suffer by the neglect or refusal of the donee, but will fasten upon the property a trust for the benefit of the class, or carry into effect the testator's general intention. The failure of the particular mode by which the charity is to be effected will not defeat the charity, but equity will substitute another mode to give it effect.

9. SAME—*devise to one with a trust for a charity—subject of gift must not be uncertain.* To constitute a valid trust by a devise, three circumstances must concur: sufficient words to raise it, a definite subject, and a certain or ascertained object. If the subject of the charity is not certain, no trust arises. If the words by which the trust is expressed or from which it may be implied, give the first taker the power of withdrawing any part of the subject from the object of the wish or request, or of applying it to his own use, the subject can not be considered certain, and a court of equity will not create a trust.

10. Where a daughter devised all her estate to her mother upon the condition the latter should devise, by her will, before taking anything under the bequest, so much thereof as she might not dispose of or spend during her life, to a charitable institution, the uncertainty as to the estate that might remain at the mother's death was such as that no trust could be implied in favor of the charity, and a court of chancery could not declare any trust, at least during the first taker's life.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. MURRAY F. TULEY, Judge, presiding.

Julia Rosa Newberry died testate on April 4, 1876, unmarried and without issue, leaving her surviving, her mother, Julia Butler Newberry, who is the widow of Walter L. Newberry, deceased. Julia Butler Newberry is the sole heir at law and next of kin of said Julia Rosa. The last will of Julia Rosa was admitted to probate in Cook county, Illinois, on April 16, 1876, and letters testamentary issued to E. W. Blatchford. Her estate consisted of bonds and mortgage securities to the amount of about $102,000, and a piece of real estate of little value. The executor administered the estate, and being ready to deliver over the remaining assets, (over $100,000,) Mrs. Newberry, the mother of the testatrix, the devisee named in the will, applied to the probate court for an order that the executor deliver the same to her. This the court refused to order, unless she should first comply with the condition mentioned in the will. Mrs. Newberry refused to do so, and filed a declaration to that effect in the probate court, and thereupon demanded the estate as the only heir at law of her daughter. The court then adjudged the estate to be intestate estate, and ordered the executor to deliver the same to Mrs. Newberry as the heir at law, which was done September 6, 1879.

The will of Julia R. Newberry is in substance as follows:

"*First*—In event I die unmarried, leaving my mother surviving, I devise and bequeath to her all my property, both real and personal, of every kind and nature, upon the express condition, however, that she devise, by will to be executed before receiving this bequest, so much thereof as shall remain undisposed of or unspent at the time of her decease, to such charitable institution for women, in said city of Chicago, as she may select."

The second clause devises her property to her mother and husband, if she should leave both her surviving, in equal shares, upon a like "express condition." The third clause devises the property to her husband, if she should marry and leave him surviving, and no mother, upon the like "express condition." The fourth clause provides, if there is no surviving husband or mother, that all her estate, except jewelry, works of art, books and wearing apparel, be converted into money, and the income be used to establish a gallery of paintings and works of art in New York, Washington or Chicago, the preference to be given to Chicago. The excepted articles are devised to her children, if any; if none, to a Miss Tinkham.

The situation at the time of the making of the will was, that Julia Rosa had the income from the estate of her father, Walter L. Newberry, deceased, then amounting to some $500,000, the principal of which was settled upon her children, if any; and Mrs. Newberry had some $300,000 personal property from said estate, and a dower estate therein.

This bill was filed by the State's attorney, on the relation of the Women's Hospital of the State of Illinois, and the Chicago Hospital for Women and Children, praying that the defendants, Mrs. Newberry and the executor, be decreed to hold the property, and the income thereof, or some part thereof, in trust for the relators, as being the only institutions answering the charity intended by the testatrix, and for an account, and appointment of a trustee to control the property. Upon hearing, the circuit court dismissed the bill for want of equity. The Appellate Court for the First District affirmed the judgment, and the relators appealed further to this court.

Mr. LUTHER LAFLIN MILLS, and Messrs. ROSENTHAL & PENCE, for the appellant:

Whether a condition will, of itself, constitute a devise or limitation over, we refer to *Friedman* v. *Steiner*, 107 Ill. 125;

*Brown* v. *Higgs,* 8 Ves. 561; *Burroughs* v. *Philcox,* 5 M. & C. 67; *Metcalf* v. *Farmington Parish,* 128 Mass. 374; Lewin on Trusts, (2d Am. ed.) chap. 8, sec. 2, p. 167.

The very language of the condition shows an intention to create a trust in favor of the charity. *Hamlin* v. *Express Co.* 107 Ill. 443; *Friedman* v. *Steiner,* id. 125.

Charities are more highly favored in law than gifts to individuals. 2 Story's Eq. Jur. 1165; *Heuser* v. *Harris,* 42 Ill. 425.

Even if the life tenant had the absolute power of disposition, yet if anything remains unspent, that will go over, and not go to the heir of the first taker. *Funk* v. *Eggleston,* 92 Ill. 525; *Crozier* v. *Hoyt,* 97 id. 23; *Markillie* v. *Ragland,* 77 id. 98; *Boyd* v. *Strahan,* 36 id. 355; *Siegwald* v. *Siegwald,* 37 id. 431; *Henderson* v. *Blackburn,* 104 id. 227; *Fairman* v. *Beal,* 14 id. 244; *Burnett* v. *Lester,* 53 id. 333.

Where a person having a power of disposition over property, manifests any intention in favor of another, the court will execute such intention through the medium of a trust. Lewin on Trusts, chap. 8, sec. 2; *Marvin* v. *Keighly,* 2 Ves. Sr. 000; *Hills* v. *Nirly,* 2 Atk. 605; 1 Jarman on Wills, 655; Redfield on Wills, secs. 21, 22.

It seems to us perfectly clear, upon reason and authority, that when a life estate is vested in the first taker in personal property, the remainder is also vested in equity, by limitation, over the second taker, just as the remainder in real estate is vested in law in the second taker; and also, that a power of appointment or disposition in the first taker of the whole estate does not divest the second taker of such remainder until the exercise of such power, or until the contingency arises which is to divest it. *Harrison* v. *Foreman,* 5 Ves. 207; *Bromhead* v. *Hunt,* 2 Jac. & W. 462; *Sturges* v. *Pearson,* 4 Mad. 411; *Skey* v. *Barnes,* 3 Mer. 335.

Messrs. Williams & Thompson, for the appellees:

When a legacy is given on a condition precedent not performed, the legacy falls into the residue; and when a legacy lapses, there being no residuary bequest, it will go to the next of kin.    2 Redfield on Wills, 175.

The uncertainty of what might remain at the death of the mother, renders the supposed trust in favor of the charity void.    *Winne* v. *Hawkins*, 1 Bro. Ch. 179; *Beachcraft* v. *Broome*, 4 Tenn. 441; *Attorney* v. *Hall*, Fitz. 314; *Flint* v. *Warren*, 15 Sim. 625.

A bequest of "what shall remain or be left at the decease of the prior legatee," or of "what the legatee is possessed of at the time of death," or of "what he does not want or does not spend," or of "what he can transfer," or "what he can save out of his yearly income," or of "what remains undisposed of," or "is not disposed of by deed or will," or "of the bulk of certain property," or a gift over of the whole legacy in case of the death of the prior legatee intestate, is void for uncertainty.    1 Jarman on Wills, *363; 2 Redfield on Wills, 391.

To constitute a valid trust, undoubtedly three circumstances must concur: sufficient words to raise it, a definite subject, and a certain or ascertained object.    *Cruwys* v. *Colman*, 9 Ves. 323; *Bland* v. *Bland*, 2 Cox, 349; *Warren* v. *Bates*, 94 Mass. 274; *Knight* v. *Knight*, 3 Beav. 179; *Flint* v. *Hughes*, 6 id. 342; *Fox* v. *Fox*, 27 id. 301.

Mr. Edward S. Isham, for the appellee E. W. Blatchford.

Mr. Francis Kernan, for the appellee Mrs. Newberry:

No title to an interest in the property is given to or vested in the relators, or any charitable institution, by the will. If the condition is construed as a bequest or limitation over to any party, it is invalid.    The law is well settled, that where, by a will, a devisee or legatee takes title to and has a

right to dispose of or spend the property, a condition or limitation over to or for the benefit of another party is void. Such condition or limitation is inconsistent with and repugnant to the title and right of disposition vested in the first devisee or legatee. The condition in the will under consideration falls within this rule of law. 4 Kent's Com. 270; *Jackson* v. *Robbins,* 16 Johns. 537; *Jackson* v. *Bull,* 10 id. 19; *Ide* v. *Ide,* 5 Mass. 500; *Kimball* v. *Sullivan,* 113 id. 345; *Jones* v. *Bacon,* 68 Maine, 34; *Campbell* v. *Beaumont,* 91 N. Y. Ct. of App. 464; *Clark* v. *Leupp,* 88 id. 228.

The condition is a condition precedent. By the express terms of the will, performance of this condition by Mrs. Newberry is required before the estate, or any interest in it, vests by virtue of the will in any party. 2 Redfield on Wills, (3d ed.) p. 283, sec. 18, subs. 1-4, and p. 284, subs. 6-8, and cases cited; 1 Jarman on Wills, (4th Am. ed.) with Perkins' notes, 683-685; 2 Williams on Executors, 1081.

Mrs. Newberry having declined to perform this condition precedent, and the will containing no residuary clause, the entire property became intestate estate, and passed to the heirs and next of kin of the testatrix. 1 Jarman on Wills, p. 311, note 1, and cases cited; *Prescott* v. *Prescott,* 7 Metc. 141; 2 Redfield on Wills, (3d ed.) p. 175, sec. 31, and p. 176, sec. 34, and p. 284, subs. 8, and p. 286, subs. 10; Theobold on Wills, (2d ed. of 1880,) 400, and cases cited; *Robinson* v. *Wheelwright,* 21 Beav. 214; *Edgerton* v. *Brownlow,* 4 H. L. 1.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The contingency mentioned in the first clause of the will occurred, and there were none to take under the will other than Mrs. Newberry, the mother, and some charitable institution for women in Chicago. The condition of Mrs. Newberry taking under the will was, that she should, before receiving the bequest to her, execute a will devising, as mentioned, the

undisposed or unspent part of the property. This condition we regard a condition precedent. Mrs. Newberry declined to execute the will and perform the condition. She could then take nothing under the will. Where, then, did the property bequeathed to her, go? When a legacy is given upon a condition precedent not performed, the legacy falls into the residue; and where a legacy lapses, there being no residuary bequest, it will go to the next of kin as estate undisposed of under the will. 2 Redfield on Wills, 175, 176; *Prescott* v. *Prescott*, 7 Metc. 141.

It is insisted that there was, here, a residuary clause; that the whole estate was given to two parties—the mother, and charity; that the estate was to go, a certain portion to the mother, the remainder, "so much thereof as shall remain undisposed of and unspent," was to go to charity. That what shall *remain*, means the *residuum*, and charity is to take the *residuum*. The remainder here spoken of is by no means tantamount to a residuary clause, which will embrace and carry all that is not disposed of to others by the will. It is a remainder which embraces but that which shall remain undisposed of or unspent at the time of the decease of Mrs. Newberry. It is something which may never be, and if it ever shall arise, it will only be upon such decease.

It is urged, again, that by the doctrine of *acceleration*, charity is immediately entitled to the whole of the estate,— such doctrine being, that if there is a gift to one person for life, and after his death to another, if the first one is incapable of taking, or if he refuses to take, the remainder is accelerated. Although the ulterior devise, in terms, is not to take effect in possession until the decease of the prior devisee, if tenant for life, yet, in point of fact, it is to be read as a limitation of the remainder, to take effect in every event which removes the prior estate out of the way. Theobold on Construction of Wills, 450; 1 Jarman on Wills, (5th Am. ed.) 574; *Blatchford* v. *Newberry*, 99 Ill. 11.

It is said the whole estate, here, was given to two parties, the mother and charity, in succession; that it was not intended. that any part of the estate should become intestate, or that the next of kin, as such, should receive anything, and that the intention was, that when the estate of one party ceased, that of the other should commence in possession; that such is the result, here, under the rule of acceleration, and that the court should ascertain the special object of charity, and. order the whole fund paid over at once by Mrs. Newberry to such object. What here stood in the way of anything going over to charity, was the enjoyment of this property by Mrs. Newberry, with the right of expending and disposing of it until the time of her decease. This prior estate has not been removed out of the way,—it has not gone or would not go over to any other person, but is in the rightful possession and use of Mrs. Newberry, with full capacity of spending and disposing of it. True, the enjoyment of the property by her is not under the will, as devisee, but under the law, as next of kin. But what difference should that make? The technicality of *how* the mother enjoyed,—whether *as devisee or next of kin,*—the testatrix could have cared nothing for. The thing substantial was the use and enjoyment of the property for life. As next of kin, Mrs. Newberry enjoys the use of the property, and the right of expending and disposing of it, just the same as she would have done had she executed the will as required by the first clause. All that has happened is, that Mrs. Newberry has refused to perform the condition,—to execute the will. But that in no way interrupts her use and enjoyment of the property. What was to go over to charity was not that which remained undisposed of or unspent at the time of refusing to perform the condition or to take under the will, but it was so much as should remain undisposed of or unspent at the time of Mrs. Newberry's decease. She was to have the use and enjoyment of the property, with the power of disposing of it, so long as she

lived.    The refusing to perform the condition can not be taken as the equivalent of her death.    Had anything occurred to cause inability afterward to make any use of the property and to expend or dispose of it, that, with some reason, might be urged as such equivalent, and as accelerating the enjoyment by the ulterior object of bounty.    The rule of acceleration is applied in supposed fulfillment of the testator's intention.    The paramount intention appearing in this will is, that the mother should have the possession, use, enjoyment and disposition of the whole of this property so long as she lived.    The interest of charity was quite subordinate in the testatrix's consideration, and it was but the undisposed of and unspent remnant remaining at the end of life.    It would be doing the greatest violence to the intention disclosed in the will, to hand all the property over to charity upon the mother declining to execute the will mentioned in the condition, and in our opinion there is no legal principle which so requires.    There being no residuary clause in the will, upon non-performance of the condition precedent the property went over to the next of kin, and the executor rightly distributed the same to Mrs. Newberry, as such next of kin.

Taking this as being so, it is then contended for appellant, that it was but the legal title to the property which went to Mrs. Newberry, and that there was a trust in favor of charity attached to the property in her hands, created by the words of the condition in the first clause.    We agree, in the main, with what is urged by appellant's counsel upon this branch of the cause, except in its application in this case.    It has been established from a series of cases, that where a bequest, accompanied by words expressing a command, recommendation, entreaty, wish or hope, on the part of a testator, that the donee will dispose of the property in favor of another, a trust will be created,—first, if the words, on the whole, are sufficiently imperative; second, if the subject be sufficiently certain; and third, if the object be also sufficiently certain.

(Hill on Trustees, 110.)   Such a charity as here, is favored in law, and will receive a more liberal construction than will be allowed in gifts to individuals.   As is said by Story: "In the interpretation of the language of wills, courts of equity have gone great lengths, by creating implied or constructive trusts from mere recommendatory and precatory words of the testator." (2 Story's Eq. Jur. sec. 1068.)   But as said further, in section 1069: "In more modern times a strong disposition has been indicated not to extend this doctrine of recommendatory trusts, but, as far as the authorities will allow, to give to the words of wills their natural and ordinary sense, unless it is clear that they are designed to be used in a peremptory sense." There is in this case more than the expression of mere recommendation, confidence, hope, wish and desire that the remainder left of the property should go to charity.   It is made an express condition that the devisee, before receiving the bequest to her, shall devise, by will to be executed by her, such remainder to charity. The language is of a peremptory and imperative nature, expressive of the testatrix's intention which she wills to be performed, answering the description of a will, as legally defined: "The legal declaration of a man's intentions, which he wills to be performed after his death." 2 Blackstone's Com. 499.

We think the language of this condition fully sufficient to create a trust with respect to such property as may be the subject of a trust.   And we do not feel any difficulty in respect to uncertainty of the object of the bounty to charity, or in respect to the necessity of a will from Mrs. Newberry in order to carry the subject of the bounty.   Although the condition reads that Mrs. Newberry should devise, by will, the undisposed of or unspent part of the property to such charitable institution for women, in the city of Chicago, as she might select, we do not deem it of the essence that Mrs. Newberry should have made the will, or the selection.   There

is here expressed a general intention in favor of charities for women, in Chicago, and a power given to Mrs. Newberry to select the particular object of charity; but her failure to make the selection the court will not allow to disappoint the beneficiaries, but will carry into effect the general intention in favor of the class, and will itself execute the power to select the particular object of charity. As observed by Mr. Perry, in his work on Trusts, (vol. 1, sec. 250,) Lord COTTENHAM, in *Burroughs* v. *Philcox*, 5 M. & C. 72, stated the general rule deduced from the cases, as follows: "When there appears a general intention in favor of a class, and a particular intention in favor of individuals of a class to be selected by another person, and the particular intention fails from that selection not being made, the court will carry into effect the general intention in favor of the class. When such an intention appears, the case arises as stated by Lord ELDON in *Brown* v. *Higgs*, 8 Ves. 574, of the power being so given as to make it the duty of the donee to execute it; and in such case, the court will not permit the objects of the power to suffer by the negligence or conduct of the donee, but fastens upon the property a trust for their benefit." It was said by this court in *Heuser* v. *Harris*, 42 Ill. 435: "The opinions in the cases of *Maggridge* v. *Thackwell*, 7 Ves., and *Mills* v. *Farmer*, 1 Merrivale, were by Lord ELDON, and resulted in this, that if a testator has manifested a general intention to give to charity, the failure of the particular mode by which the charity is to be effected will not destroy the charity, for, the substantial intention being charity, equity will substitute another mode of devoting the property to charitable purposes, although the formal intention as to the mode can not be accomplished." And see 2 Story's Eq. Jur. sec. 1167.

But an insuperable difficulty which we find to be in the way of the present proceeding, is the uncertainty as to the subject matter of the trust attempted to be asserted. The subject is, so much of the property as shall remain undisposed of or

unspent at the time of the decease of Mrs. Newberry. The property having been previously given to her absolutely, we construe the above as giving her the full power of expenditure and disposition of the property during her lifetime. What, then, is there to which a trust can now attach?—which a court of equity can now take hold of, and administer as trust estate? Evidently nothing. It is not the whole property, nor is it any particular part of it, for it all must remain with Mrs. Newberry so long as she lives, for her to spend and dispose of. There may, or there may not, be something remaining undisposed of or unspent by her, at the time of her decease. Whether anything at all will be so left, is now entirely uncertain. The authorities fully establish that the subject matter of the supposed trust must be certain. "To constitute a valid trust, undoubtedly three circumstances must concur: sufficient words to raise it, a definite subject, and a certain or ascertained object." (Sir Wm. Grant, in *Cruwys* v. *Colman*, 9 Ves. 323.) "I do not lay it down that in a will a request may not amount to a legacy, but it should be limited to some certain thing or for some certain part of a thing, and not left absolutely to the pleasure of the person to whom the request is made." (Lord Hardwicke, in *Bland* v. *Bland*, 2 Cox, 355.) In the language of Story: "Wherever, therefore, the objects of the supposed recommendatory trusts are not certain or definite; wherever the property to which it is to attach is not certain or definite; wherever a clear discretion or choice to act, or not to act, is given; wherever the prior dispositions of the property import absolute and uncontrollable ownership,—in all such cases courts of equity will not create a trust from words of this character." (2 Story's Eq. Jur. sec. 1070.) The rule, which we believe to be amply supported by the authorities, is thus laid down in Hill on Trustees, 119: "But any words by which it is expressed, or from which it may be implied, that the first taker has the power of withdrawing any part of the

subject from the object of the wish or request, or of applying it to his own use, will prevent the subject of the gift from being considered certain." See, also, *Knight* v. *Knight,* 3 Beav. 173; *Howard* v. *Carusi,* 109 U. S. 725; 2 Pomeroy's Eq. Jur. sec. 1014–1017; *Williams* v. *Worthington,* 49 Md. 572.

We do not consider, as indicated in the earlier part of this opinion, that the uncertainty in the subject has been removed by the refusal of Mrs. Newberry to perform the condition.

It is suggested that the true construction of the words, "remain undisposed of and unspent," means that the *whole* estate of the *testatrix, Julia Rosa Newberry,*—that which remained undisposed of and unspent by the *testatrix,*—should go over to charity upon the death of *Mrs. Newberry,* who should be held simply a trustee of the fund. We can not think this to be the correct construction, but that the clear meaning is, that it was the remnant of the property remaining "undisposed of and unspent" by *Mrs. Newberry* at the time of her decease, which was to go over to charity.

We find that the condition in question fails in the condition of certainty as to the subject, essential to the creation of a trust, by the words used, and we hold, at least, that the present proceeding is premature, in there being no subject *now* existing to which a trust can attach, and in respect whereof the interference of a court of chancery can be called for or exercised.

The judgment of the Appellate Court must be affirmed.

*Judgment affirmed.*


Mr. JUSTICE MULKEY, separate opinion:

I concur in the conclusion reached in this case, and in most that is said in the opinion of the majority of the court, but not in all. In so far as the opinion seems to hold the testatrix's intention in respect to the rights of the mother under the will is to be given effect just as though there had

been no renouncement of it, and that for this purpose it is immaterial whether she takes under the will or by intestacy, I am unable to concur. This seems to me to be making the will speak and not speak, at the same time. The will may still be looked to for the purpose of determining whether, notwithstanding her renunciation, anything is given to charity, and if so, what it is. The intentions of the testatrix in respect to the mother are based upon the hypothesis that she would accept the provision made for her, as made; but this intention she has defeated by her renunciation. As I view the matter, when Mrs. Newberry renounced the will all her rights under it at once ceased, and her relation to the property bequeathed to her became precisely the same as if no bequest had been made to her at all. Her renunciation is just as fatal to and destructive of the testatrix's intention and purposes in her behalf, as it is to the bequest itself. As next of kin to her deceased daughter, she takes the property without regard to any condition or provision in the will relating to her, and, as is conceded by all, with absolute power of sale and disposition for her own account. Such being the case, I see nothing to which a trust in favor of charity can now, or at any future time, attach. I can not, therefore, concur in the view which the majority opinion seems to hold, that if, upon Mrs. Newberry's death, any of the property shall remain undisposed of, it will, under the will, belong to charity. All the authorities agree that a testamentary trust, to be valid, must be limited to some certain thing, and this certainty as to the subject of the trust must appear from the will itself when it first speaks,—namely, at the death of the testator. As is well said by Sir WM. GRANT, in *Cruwys* v. *Colman,* 9 Ves. 323, it can not be "left absolutely at the pleasure of the person to whom the bequest was made,"— the very thing which was attempted to be done here. What is the subject of the trust in this case? Is it the whole, half, tenth, hundredth or thousandth part of the property be-

queathed to Mrs. Newberry, or is it anything at all? It is conceded by the majority of the court that it may turn out to be nothing. Thus it is said: "It is something which may never be." A gift to charity may well be postponed to a future day, or it may be made to depend upon some contingency that may, or may not, happen. But in all these cases the subject of the trust, whether it be land, money or other chattels, must be so definitely pointed out and described by the instrument creating the trust, that a court of equity may protect it and preserve it intact for the use and benefit of the objects of the gift.

In determining whether anything is given to charity in this case, I think, with the majority of the court, the will must be construed in the same manner it would be if the devise had been made to Mrs. Newberry unconditionally, giving her, as it did, an absolute power of user and disposition on her own account, and had then contained a provision directing her, by her last will and testament, to devise whatever might remain of the bequest to her, if anything, to charity, as indicated in the present will. Looking at the will in this light, it does seem to me there is no ground for controversy. The subject of the devise in this case is personal property, with the exception, perhaps, of one piece of land lying in a sister State. So far as the land is concerned, the rule applicable to such a devise is well stated in 2 Jarman on Wills, (5th Am. ed.) page 528. It is there said: "A power of alienation is necessarily and inseparably incidental to an estate in fee. If, therefore, lands be devised to A and his heirs, upon condition that he shall not alien them, or charge them with any annuity, the condition is void." And on the next page the author adds: "So, if lands be devised to A and his heirs, with a gift over if he die intestate or *shall not part with the property in his lifetime,* the gift over is repugnant and void." (See, also, vol. 1, page 653, where the same doctrine is laid down in strong and emphatic terms.) If such be the rule in

respect to real property, no argument or authority is necessary to show that it applies with greater strictness to personal estate. While, in equity, a life estate may be given in money or other chattels whose use does not consist solely in their consumption, yet no rule of law is regarded more elementary or better settled than that any limitation over or condition affecting the right of user or disposition after an absolute and unqualified gift of personal property, whether in a will or deed, is repugnant and inconsistent with the gift itself, and is therefore void. *Watkins* v. *Williams*, 3 Mac. & Gord. *628; *Ross* v. *Ross*, 1 J. & W. 154; *Cuthbert* v. *Peumer*, Jac. 415; 2 Redfield on Wills, par. 19, sec. 24, chap. 3.

Without stopping to discuss what may be regarded as limitations or exceptions to the above general rule, as applicable to either real or personal property, I assert, with the utmost confidence, that no respectable authority has been or can be produced that takes the present case out of the general rule as above stated. The present case is but another of the many instances with which the books abound, where one, after having made an absolute gift of property, has attempted to control its future disposition or use,—a thing which the law does not allow, as has been held, perhaps, a thousand times.

I am therefore of opinion the so-called bequest to charity is *ab initio* inoperative and void, on both the grounds stated.

Mr. JUSTICE DICKEY: I think the subject of the attempted gift to charity is so uncertain as to render that provision void. I am also inclined to think the object of the attempted gift is not sufficiently certain to render the same effective. I think the heir takes the property free from the alleged trust for charity.