Randall Cassem

*v.*

Mary Kennedy *et al.*

*Filed at Ottawa October 26, 1893.*

1. Wills—*rule of construction.* In construing a will, all the language used by the testator in making it must be considered, and his intention thereby ascertained, if it can be done. When thus ascertained that intention will be carried out, if it can be done without violating some established rule of law or public policy.

2. Same—*devise construed, as depending on a condition.* The owner of certain property devised a house and lot to her son, and then stated that as he was wild, unsettled and irregular in his habits, it was her will and desire that he should not enjoy the benefit of the devise until "he settles down in life and got married, or until he arrives at the age of forty years." In case he got injured, she stated that he should then receive the rents and profits, only, and that if he settled down and was married, and became steady in his habits, then the title was to go to him in fee, and that if he remained single until he attained the age of forty years, then the title was to be in fee simple. She then provided, that before the title should pass in any event, she willed and desired that he should appear before the county judge and show to the judge's satisfaction that he was a reformed man or that he was over the age of forty years, and that if satisfactory evidence was shown to the judge, then she desired that the judge should make a minute of it, so that the title would pass: *Held,* that the gift was upon conditions which were not void for uncertainty, and that the devise was not intended to take effect immediately.

3. Same—*reasonableness of condition to a devise.* The requirement in a will that before the title to property devised shall pass in any event, the devisee shall appear before the county judge and satisfy him that he is a reformed man or that he is over forty years of age, is not void for uncertainty, nor is there anything illegal or unreasonable in it.

4. Estate—*on condition precedent.* An estate which depends upon a condition precedent can not vest when the condition fails of performance for any cause.

5. Conveyance—*of a mere expectancy.* Where a party has only an expectancy in land, his deed therefor will convey nothing.

Appeal from the City Court of Aurora; the Hon. Russell P. Goodwin, Judge, presiding.

Mr. RANDALL CASSEM, *pro se.*

Messrs. HOPKINS, ALDRICH & THATCHER, for the appellees Kennedy and Young.

Mr. J. J. O'CONNOR, *pro se.*

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Margaret Downey died testate in January, 1892, having executed her last will and testament December 20, 1890, which contained the following devise:

"After paying all of my funeral expenses and just debts, I hereby give, devise and bequeath to my beloved son, Joseph Downey, of Aurora, a certain lot and house I now own, at the corner of State and Kane streets, in the city of Aurora and State of Illinois. As my son, Joseph Downey, is wild, unsettled and irregular in his habits, it is my will and desire that he shall not enjoy the benefit of this devise till he settles down in life and gets married, or until he arrives at the age of forty years, or in case he got injured, then he should receive the rents and profits of the land and house, only. If he settles down and is married, and becomes steady in his habits, then the title is to pass absolutely and forever, in fee simple, and if he remains a single man till he shall arrive at the age of forty years, then and thereafter the title is to be in fee simple in the land; and before the title shall pass in any event, I will and desire that he, the said Joseph Downey, appear before the county judge and show to the judge's satisfaction that he is a reformed man or that he is over forty years of age, and if satisfactory evidence is shown to the judge, then I desire that the judge make a minute of it, so that the title will pass absolute to him, the said Joseph."

This will was probated in the county court of Kane county, February 4, 1892. On the 14th of July following, Joseph Downey conveyed the house and lot mentioned to J. J. O'Connor, by warranty deed, the consideration stated being services

performed by O'Connor as attorney. On the 14th day of November of the same year he conveyed the same property, with all his right to the rents, issues and profits in the same, to Randall Cassem, by quitclaim deed, the consideration named being $500. On the 19th of the same month Cassem filed this bill in the city court of Aurora, against J. J. O'Connor, Mary Kennedy, (a daughter of Margaret Downey,) and others, praying that the will of Mrs. Downey be construed to give Joseph Downey an estate in fee simple absolute in said property, and complainant decreed to have title thereto in fee by reason of the conveyance to him; also, that the deed to O'Connor be declared a mortgage, and complainant allowed to redeem therefrom. Demurrers to the bill by defendants were sustained, and a decree entered dismissing the bill at complainant's costs. From that decree this appeal is prosecuted.

The only question presented for our decision is, does the bill show that the complainant is entitled to the relief prayed. Manifestly, unless it shows, by proper allegations, that Joseph Downey took an interest in the property under the will of his mother, which he could, at the date of his deed to complainant, convey, the whole case attempted to be made must fail.

The bill sets up the foregoing clause of the will, and avers "that the conditions attached to the said devise are void for uncertainty, and that the said Joseph Downey took, under said will, an estate in fee simple in said real estate, and that said Downey was entitled to the fee and possession of said real estate prior to the conveyance by said Downey to said Randall Cassem." This is the only attempt in the bill to show title in Joseph Downey to the premises, and the sole question presented by it is, whether or not the conditions attached to the devise are void for uncertainty.

No authority need be cited in support of the proposition, that in construing the will all the language used by the testatrix in making it must be considered, and her intention thereby ascertained, if it can be done. When thus ascertained

that intention will be carried out, if it can be done without violating some established rule of law or public policy. If, as contended, the language of the testatrix in expressing the conditions upon which the gift was made is so uncertain as to render those conditions void, it is difficult to see how the devise can be upheld. That the testatrix did not intend to make the gift without conditions, is as clearly expressed as the gift itself. We do not think, however, that there is any uncertainty whatever in the conditions. It is certainly clear that the devise was not intended to take effect immediately. The language is: "Shall not enjoy the benefit of this devise till," etc., "then the title is to pass absolutely and forever, in fee simple," and "then and thereafter the title is to be in fee simple in the land, and before the title shall pass in any event," etc., nor is there any want of certainty as to the events upon the happening of which the devise is to take effect. The prerequisite to the vesting of the title is, that the devisee "settles down in life and gets married," or "arrives at the age of forty years,"—that is to say, the title shall not pass to him until he is married or forty years of age. There is no room for controversy as to what is intended by the language here used. Had the conditions stopped with the words "till he settles down in life," it might have been said the event was not capable of definite ascertainment,—that is to say, there might be a difference of opinion as to whether a man had "settled down in life." But whether he is married, or forty years old, are facts generally ascertainable without difficulty. Neither is there any uncertainty as to the requirement that before the title shall pass in any event, the devisee shall appear before the county judge and satisfy him that he is a reformed man or that he is over forty years of age, nor is there anything illegal or unreasonable in this condition. True, the performance of it might not prove effectual to accomplish the purpose of the testatrix that her son should reform, even though passed forty years of age, before he could receive the

gift; but that fact would not relieve the son from doing what he was required to do, if he desired to avail himself of the devise.

This disposes of the case made by the bill. No attempt is made by it to show a present interest in Joseph Downey, except upon the ground that the conditions attached to the devise are void for uncertainty.

But appellant says, "if any one of our claims for relief is good, then the demurrer should be overruled," etc., and on that statement contends, that though his "bill might be bad as to a present and immediate fee simple interest, yet if the bill is good as to a smaller or lesser interest from Downey, then it would be error to sustain the demurrer," and cites the rule, that if a bill sets up several grounds for equitable relief, and any one of them is good, a demurrer to the whole bill can not be sustained. The answer to the position is, that this bill does not set up several grounds of relief as to the title or interest of Joseph Downey. If appellant desired to base his right to the relief prayed, in whole or in part, upon "a smaller or lesser interest" than the fee or a right to a present interest, upon other grounds than that the conditions to the devise are void for uncertainty, he should have set up that claim by proper averments in his bill. We are, however, unable to see how an intention to make a devise upon conditions precedent could be more certainly expressed than is done here. The language is not the most elegant, but it clearly shows that only upon certain contingencies to happen in the future is the title to become vested in the devisee. "The estate which depends upon a condition precedent can not vest when the condition fails of performance for any cause." (2 Redfield on Wills, 283; *Nevius* v. *Gourley,* 95 Ill. 206.) For anything appearing in this bill, when Joseph Downey made his deed to appellant he had a mere expectancy in the property conveyed, and his deed conveyed nothing.

The decree below is right, and it will be affirmed.

*Decree affirmed.*