## Thomas Bassett Keyes, Administrator, v. The Northern Trust Company et al.

### Gen. No. 12,882.

1. TRUST—*what does not work uncertainty of subject-matter of.* The fact that the person creating the trust might during lifetime consume or dissipate the entire fund made the subject-matter of the trust, does not render the same void for uncertainty.

2. TRUST—*when uncertainty as to object will not defeat.* A trust will not be defeated as uncertain merely because a contingency unprovided for may arise which would render the subject of the bounty uncertain.

3. PERPETUITIES—*when trust does not violate rule against.* A trust does not violate the rule against perpetuities where the same must come to an end not later than the twenty-first birthday of a person in being.

Bill in chancery. Error to the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed December 13, 1906.

CHARLES R. WHITMAN, for plaintiff in error.

WILLIAM S. MILLER, for defendant in error, The Northern Trust Company.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

The plaintiff in error in this cause as administrator filed a bill in chancery in the court below to set aside a deed of trust which was executed by his deceased intestate and delivered to the Northern Trust Company a few months before her death. Various allegations looking to this relief were made by the bill and its amendments. It was charged that the deed was void on its face for various reasons, and that its execution had been procured by the fraudulent arts and undue influence of beneficiaries under it. The chancellor in the Superior Court, however, after a hearing on testimony offered by deposition and in open court, found that the deed was executed by Roberta E. M. Chittenden while in the full possession of all her mental faculties, and while she had full right to dispose of the property covered by it as she thought best, and also that it was executed and delivered without any fraud or undue influence on the part of anybody, and that the grantor had painstaking and disinterested assistance from her legal adviser. No certificate of evidence has been preserved with which to challenge these findings, and they are to be taken as final in this court.

The only question arising on this writ of error is whether the deed is invalid, inoperative and void upon its face.

The deed is as follows:

"This Indenture, made this 12th day of August, A. D. 1902, Witnesseth:

That I, Roberta Ethel Mary Chittenden, of Chicago, Illinois, hereby transfer, convey, assign and quit-claim unto The Northern Trust Company, of Chicago, Illinois, as trustee, the following securities and property, to-wit:

1. A mortgage for ten thousand ($10,000) dollars (less interest due thereon August 24, 1902, which is to be paid to me).

2. Twenty-five (25) shares United States Steel preferred stock, for which I paid $2,265.63.

3. The sum of five thousand ($5,000) dollars in cash from the money now on deposit to my credit in said, The Northern Trust Company—my balance for July as shown by July statement, being $5,576.27.

4. All interest I may have in a certain contract for the purchase of the premises, 7412 Princeton avenue, on which I have paid two hundred dollars ($200).

To have and to hold said securities and property subject to the following trusts and conditions:

During the period of trusteeship herein created, said trustee shall manage, control and care for said property in accordance with its best judgment and discretion, and is fully authorized to sell and convey any of said property and reinvest the proceeds thereof, and also to carry out and complete the contract for purchase of 7412 Princeton avenue, above referred to. During my life said trustee shall pay me from the income and principal, if necessary, of said property, the sum of two hundred and fifty ($250) dollars per month, should I choose to draw that much; also my expenses to England, whenever I may go there. Immediately upon my death, said trustee, shall pay such debts and funeral expenses as are not paid, out of my remaining estate, and any balance of said trust funds that may be in the hands of my said trustee at the time of my death shall be paid as follows:

One thousand ($1,000) dollars shall be paid to my husband, Roy T. Chittenden, provided and whenever he legally transfers the custody of my child, Roberta Elizabeth Edith Chittenden, to a guardian for said child, selected under the terms of this instrument. I hereby name and appoint Mrs. Gerald Richardson, 23 Kelvinside Terrace, Glasgow, Scotland, and Mrs. S. J. Walford, Barnesley Park, Hill Moseley, near Birmingham, England, as guardians of the person of said child, and direct my said trustee to pay to them, or either of them, such sums out of the income and principal, if necessary, as they or either of them may notify said trustee are necessary for the comfortable support and maintenance and education of said child. In case of

the death, or refusal to act of one of said guardians, then the other one shall be sole guardian; and in case of the death or refusal to act of both of my said guardians after my death, they shall have the power to and are hereby directed to appoint a guardian for my child, and in case they should die, or refuse, or fail to act before my death, then the guardian of my child shall be whatever person or persons I may appoint, such appointment to be evidenced by a written notice to said trustee. In case at any time a guardian should not be appointed under the terms aforesaid, said trustee is authorized to appoint and select such guardian, provided that such guardian shall not be my husband or any relation of his, and in case the guardian be any person other than the said Mrs. Walford and Mrs. Richardson, said trustee shall make payments to said or such guardian in the same manner that is above provided for payment to said Mrs. Walford and Mrs. Richardson.

In case my husband refuses to part with the custody of my said child, I direct that the income be allowed to accumulate and be added to the principal, inasmuch as my husband will necessarily support the child in such case, but even if the child remains in the custody of my husband, said Northern Trust Company shall in its discretion use such portion of the income and principal as it may deem best for the support and education of said child; provided such use is necessary, payments to be made to such child personally, if thought advisable.

As soon as said child reaches the age of twenty-one (21) years, to wit, on January 11, 1923, said trustee shall transfer and convey the remaining estate to said child, and this trust shall terminate. In case said child shall die before reaching the age of twenty-one years, leaving a child or children surviving, or leaving a valid last will and testament, said trustee shall distribute said trust estate in accordance with the terms of said will, or in equal portions to such surviving child or children; and in case of the death of my said child leaving no valid will and no child, then said trustee shall distribute said trust estate in accordance with

the directions of the above-mentioned Mrs. Richardson and Mrs. Walford, or the survivor of them, they to select as beneficiaries thereof such of my relatives or friends as they may deem most in need, except that neither my husband or his relatives shall be among such beneficiaries.

Said trustee shall receive reasonable compensation for its services hereunder, and shall be allowed to employ such attorneys and agents as may be necessary to protect this trust and trust estate, and their compensation shall be paid out of said trust estate.

In Witness Whereof, I have hereunto set my hand and seal the day and year first above written.

ROBERTA ETHEL MARY CHITTENDEN.    [SEAL]."

It is claimed by the plaintiff in error that this deed is void for three reasons: First, because it is uncertain as to the subject-matter of the trust; second, because it is uncertain as to the objects of the trust; and third, because it violates the rule against perpetuities.

We do not think any of these contentions well made. The argument in favor of the first one is that as Mrs. Chittenden might, if she had lived long enough, have used up, under the express provisions of the deed, the entire fund conveyed by it, and might, in any event, have contracted debts which would necessitate its application for their payment, therefore the property conveyed was uncertain and the deed void.

No such conclusion properly follows the premise. Cases like Mills v. Newberry, 112 Ill. 123, and Coulson v. Alpaugh, 163 Ill. 298, cited by the plaintiff, which decide that in certain cases an enforceable trust has not arisen under the terms of a will because there may be no subject-matter of the trust when it is supposed to spring into being, have no bearing on a case like this. It is true, as stated by counsel for plaintiff in error, that "a deed speaks at the time of its delivery," and the result of that is that the deed is valid and operative as a deed of trust so far as its subject-matter

of property conveyed is concerned, if that property is capable of identification and actual or constructive delivery at that time.

If under the deed in question in this case Roberta E. M. Chittenden, either before her death or by debts contracted during her lifetime and requiring satisfaction at her death, had exhausted the fund put by her into the hands of her trustee, the only result would have been that there would have been no further beneficiaries under the deed, and after her death the Northern Trust Company would have been relieved from further duties as trustee.

There is no authority for the proposition that a valid trust cannot be created which shall leave uncertain how much of a trust fund the settlor may draw for his own benefit during his lifetime, and provide merely for the distribution of the balance, if there be a balance, as is done in this case.

Nor is the second contention any better founded. It is that "the deed is void for uncertainty as to the persons to be benefited by the trust, and therefore the property falls into the general funds of the author of the trust."

But there was no uncertainty as to the person to be benefited by the trust while the settlor, Roberta E. M. Chittenden, lived; there is no uncertainty now that she is dead and her daughter, Roberta E. E. Chittenden, is alive; there can be no uncertainty if this daughter lives to be twenty-one years old. The only uncertainty alleged is that concerning the duties of the trustee and the distribution of the estate in case of the death of the daughter before she arrives at twenty-one years. The deed indeed provides for a power of appointment by will in the daughter (which of course she could not exercise until she was eighteen), and for the contingency of the death of the daughter either with or without issue and without making such an appointment. But counsel say that the power of appointment

by will given the daughter is void for uncertainty and ambiguity, and that given Mrs. Richardson and Mrs. Walford equally so.

The court below in its decree "expressly refrained from making any finding as to the disposition of said trust property in case of the death of said infant daughter before reaching twenty-one years," and we have no call, in passing on the rightfulness of the decree, to go farther than did that court. For in this settlement in trust by deed, the same rule obtains that the Supreme Court thus expressed in Orr v. Yates, 209 Ill. 222, in connection with a settlement by will: "Certainly a court will not defeat the clearly expressed intention of a testator because a contingency may arise in the future which will render the trust uncertain."

We must decline to follow counsel, therefore, into the somewhat tempting field of discussion which a consideration of the validity under particular circumstances of powers of appointment might open to us, for we think that upon the question whether this deed under discusson is invalid and void on its face, and for that reason should be set aside, the cases cited and quoted in argument are quite beside the point. There is no such uncertainty in the deed in question, as to the objects of the trust, as would justify a decree for plaintiff in error. The "*caveat*" in the decree concerning the disposition of the property in case of the future contingency that may arise, was not necessary, but is harmless and perhaps wise.

The objection that the deed of trust is void on the ground that it violates the law against perpetuities seems to us fanciful. Whatever happens, the trust in the hands of the Northern Trust Company will come to an end not later than the twenty-first birthday of the daughter. If she should die before that time it will come to an end in accordance with the exercise of one of the powers of appointment or by operation of law compelling the execution of a resulting trust.

The theory that no resulting trust could in any event occur in favor of the heirs or next kin of the settlor, because an indisposition on her part to have her husband in any event participate in the benefits of her property, can be inferred from the deed, is manifestly unsound. The settlor evidently thought she had provided for all contingencies likely to arise. But there is nothing to show that her wishes or intentions negatived the idea of a resulting trust in case some other unexpected contingency arose. Utterly to destroy her own deliberate disposition of her property for the reason that we may suspect that under some remote contingency the trust resulting by operation of law would not be to her liking, would be a refinement of reasoning to which courts cannot go.

The decree of the Superior Court is affirmed.

*Affirmed.*