(No. 13045.—Decree affirmed.)

CHAMPION E. JACKSON *et al.* Appellants, *vs.* ELLA KNAPP
*et al.* Appellees.

*Opinion filed February 15, 1921—Rehearing denied April 13, 1921.*

1. WILLS—*form of words will not determine whether condition of devise is precedent or subsequent.* There is no technical form of words by which the condition of a devise is determined to be precedent or subsequent but the distinction depends upon the connection in which the words are used, and in case of doubt the courts favor a construction making the condition subsequent.

2. SAME—*when an estate upon condition will vest.* An estate upon condition precedent does not vest unless and until the condition has been performed, but an estate upon a condition subsequent vests at once, and upon a breach of the condition there is a right of re-entry by the person entitled to take advantage of the breach.

3. SAME—*when a devise is upon a condition subsequent.* If the performance of the condition of a devise does not necessarily precede the vesting of the estate but may accompany or follow it, or if from the nature of the act and the time required for its performance it is evident that the intention of the parties was that the estate should vest and the devisee perform the act after taking possession, the condition is subsequent.

4. SAME—*effect on devise where condition subsequent is rendered impossible of performance.* A condition subsequent is void if it is impossible to be complied with at the time of its creation or afterward becomes so by the act of God or of the testator, and the effect is to vest the estate in the devisee discharged from the condition and as though no condition had ever attached.

5. SAME—*when devise, and condition upon which it is based, fail.* A devise of land to a trustee with directions to pay a certain amount of the income each month to the son of the testatrix and the residue to another person provided the latter shall furnish room and board for the son, is as to such person a devise upon condition subsequent of an equitable estate for the life of the son, and if the son dies before the testatrix, both the devise and the condition fail.

6. SAME—*when a trust estate does not become intestate property.* The rule that where the purpose of a trust fails and no other disposition of the fee is made the trust estate becomes intestate property does not apply where there are two purposes of the trust and only the first one fails, and in such case the second purpose is accelerated.

. 7. SAME—*when condition must be treated as waived.* Where
the testatrix directs 'her trustee, upon the death of her son, to make
a deed of the trust estate to a certain woman provided she has
furnished the son room and board, and upon the further express
provision that she shall furnish him a decent christian burial, the
latter provision is, in form, a condition precedent; but if the son
dies in the lifetime of the testatrix, who furnishes his burial her-
self, the condition must be treated as waived and the trustee is
authorized to make the deed as directed.

DUNCAN, J., dissenting.

APPEAL from the Circuit Court of Macon county; the
Hon. WILLIAM K. WHITFIELD, Judge, presiding.

CHARLES C. LEFORGEE, GEORGE W. BLACK, and THOS.
W. SAMUELS, for appellants.

McDAVID & MONROE, WHITLEY & FITZGERALD, and
REDMON, HOGAN & REDMON, (JOHN A. WALGREN, of
counsel,) for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion
of the court:

The appellants, Champion E. Jackson, John Mentzer,
Harvey Mentzer and Frank Mentzer, four heirs-at-law of
Harriet A. Shoemaker, deceased, filed their bill in the cir-
cuit court of Macon county against the appellees, Sadie
Poulson and Charles O. Mentzer, (the remaining heirs-at-
law,) Ella Knapp, Mary E. Knapp (now Mary E. Wise)
and Merville Knapp, devisees under the will of Harriet A.
Shoemaker, and J. C. Terry, executor and trustee, alleging
that Harriet A. Shoemaker died intestate as to eighty acres
of land described in the fourth clause of her will and the
same had descended to her heirs-at-law, and praying for
partition. Sadie Poulson and Charles O. Mentzer entered
their appearance and the other defendants answered, Mer-
ville Knapp answering by his guardian *ad litem.* The cause
was referred to the master in chancery to take and report
the evidence, and all the parties, including Charles O. Ment-

zer and Sadie Poulson, having entered into a stipulation of facts, the master returned the stipulation as the evidence and the chancellor dismissed the bill for want of equity.

The will of Harriet A. Shoemaker, after providing for the payment of debts and funeral expenses, is as follows:

"*Second*—After the payment of such funeral expenses and debts, I give, devise and bequeath to Merville Knapp, of Blue Mound, Illinois, forty acres of land in Christian county, described as follows: The southeast quarter (¼) of the southeast quarter (¼) of section twenty-five (25), township fifteen (15), north, range one (1), west of the third P. M.

"*Three*—Subject to the payment of my debts and funeral expenses, I give and devise and bequeath to Mary E. Knapp, of Blue Mound, Illinois, all of my personal property wheresoever situated, consisting of cash, notes and all other paper representing cash. I also give, devise and bequeath to the said Mary E. Knapp the home place, where I now reside, in Blue Mound, Illinois, with the furniture in it, with the exception of such furniture as my son Frank Shoemaker shall select for his room, of which mention is made in item 7 of this will.

"*Four*—I give, devise and bequeath to J. C. Terry, trustee, eighty acres of land, described as follows: The north half (½) of the southeast quarter (¼) of section six (6), township fourteen (14), north, range one (1), east of the third P. M., in trust for the uses and purposes following:

"First, to keep the said land leased and collect the rents and profits and pay all taxes and assessments that shall be levied on the said real estate.

"Second, after deducting taxes, insurance and a reasonable compensation for his services, not exceeding four per cent, out of the said rents and profits derived from the said real estate, he shall pay to the said Frank Shoemaker twenty dollars ($20) per month on the first of each month after sufficient funds comes to his hands, so long as the said

Frank Shoemaker shall live. After making payment above mentioned, he, the said trustee, shall pay to the said Ella Knapp the remainder of the rents and profits derived from the said real estate, provided the said Ella Knapp shall furnish a home for my son, the said Frank Shoemaker, and give him room and board.

"*Five*—Upon the decease of my son, the said Frank Shoemaker, it is my will that the said trustee, J. C. Terry, shall make a deed to the eighty (80) acres described in item 4 of this will to the said Ella Knapp, provided she has furnished room and board as above mentioned, and upon the further express provision that she furnishes a decent christian burial for the said Frank Shoemaker.

"*Six*—In case the said Ella Knapp should die before my son, the said Frank Shoemaker, then in that event the said trustee, J. C. Terry, shall make a deed for the eighty (80) acres described in item four (4) of this will to Merville Knapp and Mary E. Knapp, jointly. If one of the last mentioned persons be not living at the decease of the said Frank Shoemaker, then the said trustee shall make a deed of the said real estate to the survivor of them.

"*Seven*—I give, devise and bequeath to my son, the said Frank Shoemaker, such furniture as shall comfortably furnish one room in the home to be provided by the said Ella Knapp for him.

"*Lastly*—I make, constitute and appoint J. C. Terry, of Blue Mound, Illinois, to be executor of this my last will and testament, hereby revoking all former wills by me made."

The facts as stipulated are as follows: Harriet A. Shoemaker was the wife of Jonas Shoemaker, and they came to Blue Mound, in Macon county, from Ohio in 1870. She executed her will on January 15, 1914, and died on April 18, 1915, leaving Champion E. Jackson, son of a deceased sister, and John Mentzer, Harvey Mentzer, Frank Mentzer, Charles O. Mentzer and Sadie Poulson, children of a deceased brother, as her heirs-at-law, all of whom

reside in Ohio. The only child of Harriet A. Shoemaker was Frank Shoemaker, who was feeble-minded and never married and who died in April, 1914, shortly after the will was made, at the age of fifty-two years and before the death of his mother. He lived with his mother at all times up to the time of his death, and his expenses, room and board were provided and paid for by her and she furnished him with a decent christian burial and the expenses thereof were paid by her. The testatrix and her husband took and raised Francis Knapp, and he lived with them until his marriage but was never legally adopted. He married Ella Knapp and died seven years before the death of the testatrix and left surviving his widow, Ella Knapp, and his children, Mary E. Knapp and Merville Knapp, devisees under the will. Ella Knapp and her two children resided in the immediate neighborhood of the testatrix until her death, and the eighty acres of land was reasonably worth $225 per acre when the will was made and is now worth considerably more. In consequence of the death of Frank Shoemaker the executor and trustee never paid anything to him as provided in the will, nor has Ella Knapp provided a home, room and board for him or furnished him with a decent christian burial, but has always been ready, able and willing to provide the same and has not done so only because his death rendered it impossible.

An estate may be devised subject to a condition annexed to the devise whereby the estate shall commence, be enlarged or defeated upon a performance or breach of the condition. The devise may be either upon a condition precedent or subsequent, and there is no technical form of words by which the character of the condition is to be determined. If the condition is precedent the estate does not vest unless and until the condition has been performed, but if it is subsequent the estate vests and upon a breach of the condition there is a right of re-entry by the person entitled, whether by limitation over, or, in the absence of

such limitation, by the heir-at-law, who may take advantage
of the breach of the condition. The distinction depends
upon the connection in which the words are used, and in
case of doubt the courts favor a construction making the
condition subsequent. If the performance of the condition
does not necessarily precede the vesting of the estate but
may accompany or follow it, and if the act may as well
be done after as before the vesting of the estate, or if
from the nature of the act and the time required for its
performance it is evident that the intention of the par-
ties was that the estate should vest and the devisee perform
the act after taking possession, the condition is subsequent.
The condition that Ella Knapp should furnish Frank Shoe-
maker a home with room and board was a continuing one
to be performed so long as he should live, and if it should
be regarded as a condition precedent the estate would never
vest, because at his death the estate was to go over by a
subsequent limitation of the fee. The performance of the
condition was personal to Ella Knapp, because the will pro-
vided that upon her death before the death of Frank Shoe-
maker the trustee should convey the land to Merville Knapp
and Mary E. Knapp or the survivor of them, not subject
to any condition although Frank Shoemaker would still be
living. The expressed intention of the testatrix was that
the widow or children of her foster son should have the
property subject to the provisions to secure the care, main-
tenance and burial of the feeble-minded son. The testatrix
having first devised to Merville Knapp forty acres of land,
next devised to Mary E. Knapp her home place in Blue
Mound, with all her personal property and the furniture in
the home, with the exception of such furniture as Frank
Shoemaker should select for his room to be provided by
Ella Knapp. She next devised an equitable estate in the
eighty-acre tract for the life of Frank Shoemaker to Ella
Knapp, subject to a condition which was to be performed
during his life and which would run concurrently with the

estate. From the intention manifested by the will, the nature of the condition and the time required for its performance, the necessary conclusion is that the devise of the equitable estate was upon a condition subsequent. Such a condition is void if it is impossible to be complied with at the time of its creation or afterward becomes so by the act of God or of the testator, and the effect is to vest the estate in the devisee discharged from the condition. The condition is not to be regarded as broken but as nugatory, and the estate devised is absolute, as though no condition had ever attached. (10 R. C. L. 664; 21 Corpus Juris, 930; 40 Cyc. 1695; 17 Ann. Cas. 433, note.)

There have been a number of cases identical with this where there was a condition subsequent that a devisee or legatee should support a certain person who died before the testator, and it was held that the devise or legacy took effect freed from the condition. (*Hammond* v. *Hammond,* 55 Md. 575; *Petro* v. *Cassiday,* 13 Ind. 289; *Hoss* v. *Hoss,* 140 id. 552; *Gingrich* v. *Gingrich,* 146 id. 227; *Parker* v. *Parker,* 123 Mass. 584.) The condition subsequent became impossible of performance through the act of God and the devise became void, so that Ella Knapp would have taken the equitable estate freed from any condition, whether it be said that the condition was void or was not broken or that the estate was discharged of the condition, if it had not been that the equitable estate was limited to the life of Frank Shoemaker and by his death the devise failed, together with the condition upon which it was devised.

The legal estate having been devised to a trustee, there is an argument that the trust failed and the estate descended to the heirs of the testatrix as intestate property under the doctrine of *Summers* v. *Higley,* 191 Ill. 193, and *Dorsey* v. *Dodson,* 203 id. 32. That is the rule where the purpose of a trust fails and there is no other disposition of the fee, but it does not apply to this case, for the reason that the trust did not fail and that there was a further disposi-

tion of the fee. The trustee took the legal title not only for the purpose of the provision, for Frank Shoemaker, but also to convey the fee at his death to Ella Knapp. (*Gardner* v. *Baxter,* 293 Ill. 547.) Frank Shoemaker having died before the will took effect, so that the devise and the trust for his benefit failed, the remainder was accelerated and took effect at once. *Mills* v. *Newberry,* 112 Ill. 123; Kales on Future Interests, (2d ed.) sec. 599.

Upon the decease of the son, Frank Shoemaker, the will provided that the trustee should convey the legal estate in the eighty acres to Ella Knapp provided she had furnished a home, room and board for Frank Shoemaker, and upon the further express condition that she should furnish a decent christian burial for him. The testatrix having first devised the equitable estate for the life of Frank Shoemaker upon a condition subsequent and subject to a charge, made a devise of the fee to Ella Knapp if she should survive the son, Frank Shoemaker, and should have performed the conditions stated. The first devise failed with the condition subsequent upon which it was conditioned, so that both estate and condition became void. The furnishing of a home, room and board ceased to be a condition of the first devise, and since there was, in effect, no condition, it cannot be said there was a failure to perform it. The will spoke from the death of the testatrix when there was no existing condition upon which the equitable estate was to vest and no devise of such an estate, but there was one item added to the devise of the fee, which was, giving a christian burial to Frank Shoemaker. This, considered by itself, was in form and effect a condition precedent, and the general rule is that although the performance of such a condition is impossible or afterward become so otherwise than by the act of the testator, the estate which depends upon the condition is void and the devisee takes nothing, even though there is no default on his part. If the condition precedent is void the estate which depends upon the con-

dition is also void, and the non-performance of the con-
dition prevents the estate from ever vesting in the devisee.
(*Nevius* v. *Gourley,* 95 Ill. 206; *Nevius* v. *Gourley,* 97
id. 365; *Mills* v. *Newberry, supra; Cassem* v. *Kennedy,*
147 Ill. 660; *Goff* v. *Pensenhafer,* 190 id. 200; *Becker* v.
*Becker,* 241 id. 423; *Jacobs* v. *Ditz,* 260 id. 98; 4 Kent's
Com. 125; 10 R. C. L. 664; 21 Corpus Juris, 929; 40 Cyc.
1694.)    Precedent conditions must be literally performed
or the estate will not vest in law, and equity follows the
law.   (2 Pomeroy's Eq. 933.)

The condition precedent became impossible of perform-
ance by Ella Knapp because it was concurrent in time with
the death, which took place in 1914, and the condition had
been performed by the testatrix, so that when the will took
effect there was no subject upon which the condition could
operate.   There was a somewhat similar condition in *Jones*
v. *Bramblet,* 1 Scam. 276, in which there was a devise of
a life estate to the wife of the testator with a remainder
to two children living with the testator and his wife if
they should continue to live with the wife and be bound
to her and continue to live with her until married.   The
court treated the condition as precedent to the creation of
the estate in the object to benefit both the children and
the wife, to whom it was supposed they would become of
great service.   The testator died in 1830, and the wife re-
fused to permit the children to live with and be bound to
her and she died in 1832.   The court held the condition
defeated and that the children took the estate without the
condition rendered nugatory.   No case has been referred to
where the object upon which the condition was to operate
had ceased to exist before the will took effect, but there is
a similarity between such a case and one where the subject
of a devise is withdrawn from the operation of the will,
which was the case in *Phillippe* v. *Clevenger,* 239 Ill. 117,
where land devised was conveyed by the testator.   The con-
veyance was called a revocation *pro tanto,* but the substance

was that the testator withdrew the subject matter from the operation of the will. In this case, upon the death of Frank Shoemaker the devise in item 4 to Ella Knapp, with the condition upon which it was limited, failed, and the testatrix performed the condition of item 5 upon which the trustee was to convey the fee. This was done long before the will took effect, and whether or not it can be said that the condition was discharged by the act of the testatrix in performing the condition, there is good ground for saying that the testatrix, by performing the condition, waived it. Ella Knapp having survived Frank Shoemaker, item 6 could not take effect, and she became entitled to a conveyance from the trustee of the eighty acres described in item 4.

We regard the conclusion of the chancellor as correct, and the decree is affirmed.      *Decree affirmed.*

Mr. JUSTICE DUNCAN, dissenting.

---

(No. 13667.—Appellate Court reversed; municipal court affirmed.)
GEORGE BUDELMAN, Appellant, *vs.* THE AMERICAN INSURANCE COMPANY, Appellee.

*Opinion filed February 15, 1921—Rehearing denied April 19, 1921.*