MARY JENNINGS, Appellant, *v.* SUSAN H. SMITH *et al.*, Appellees.

### APPEAL FROM HENRY.

A widow, since the Revised Laws of 1845, is only barred of her dower, when the husband has made a devise to her of land, or some interest therein, with her express or implied assent.

The mere bequest of personal estate, with the condition that it should bar dower, would not produce that result.

A devise of lands necessarily passes an estate in them ; but where a will directs that land shall be converted into money and given to distributees, it is personalty, and does not give an interest in the land, and if the widow was one of the distributees, her right of dower is not thereby barred.

THE order dismissing the petition was entered at March term, 1862.

The following statement and stipulation is a part of the record :

This is a petition for dower in the lands of Levi Jennings, deceased.

The petition was filed August, 1861. The defendant files general demurrer to the petition. The Circuit Court sustained the demurrer, and dismissed the petition.

The petition of Mary Jennings stipulates, that her husband, Levi Jennings, died December, 1859, leaving a will, which was admitted to probate in February, 1860. That she is a legatee in said will. That she has not renounced her claim under the said will, but claims both her legacy under said will and her dower at law. The defendants, Susan H. Smith *et al.*,

stipulate that they contend that the devise to the widow in the will of Levi Jennings, is such a devise as debars the widow of dower. The parties agree and stipulate that the second, third and fourth items in the will, are all that affect the issues.

That if the judgment and decision of the Supreme Court be that the said will contains such a devise as will, under the law, debar the widow of dower, the judgment of the court below shall be affirmed. And if the judgment and decision of the Supreme Court be that the will does not contain such a devise to the widow as will, under the law, bar her of dower, the judgment of the court below shall be reversed, and the cause remanded, with leave to the defendants to answer.

H. W. WELLS, for Appellant.

HINMAN & PAGE, for Appellees.

A devise of personal estate, though never so large, will not, under the laws of Illinois, debar a widow of dower. It must be a devise of land, or some estate therein. Purple's Statutes, p. 497, sec. 10.

Under the law as it stood in 1839, any devise or provision for a widow made by will, would debar her of her dower, but by changing the law in 1845, the legislature have clearly manifested the intention that nothing less than a devise of land or some estate therein, shall debar a widow of dower. Gale's Stat., p. 696, secs. 39, 40 ; Rev. Stat. 1845, p. 199, sec. 10 ; Purple's Stat., p. 497, sec. 10.

The devise in question is not a devise of land, but is a devise of the proceeds of the land sold ; such a devise is a devise of money, and not land. *Baker* v. *Copenbarger*, 15 Ill. 103 ; Story's Eq. Juris., sec. 64, 790 *a* and note.

A devise of real estate, which, by the provisions of the will, is to be converted into money, and that money distributed, must be treated as a devise of money and not a devise of land. *Fletcher* v. *Ashburner*, Leading Cases in Equity, vol. 1, p. 775.

Equity will treat subject matter, as to collateral conse-

quences and incidents, in the same manner as if the final acts contemplated by the parties had been executed. Story's Eq. Juris., sec. 64g, sec. 790 and note; secs. 1212, 1213, 1214, 1215, 1216.

Money devised to be laid out in land, is treated as real estate, and descends to the heir; and land devised to be sold, is considered and treated as money. Leading Cases in Equity, vol. 1, p. 775.

The testator has in this case, by his will, unequivocally fixed the character of the property as money, and the courts will not disregard the clear intention of the testator. Story's Eq. Juris., secs. 1214, 1214 a and note.

Had the testator in this case bequeathed a sum of money, directing that it be laid out in land, and that land given to the widow, such a devise would have been clearly a devise of land within the statute, and would have debarred the widow of dower; and it is equally true that a devise of money, the proceeds of the sale of land, cannot be treated as anything but money. See cases above cited. Jar. on Wills, vol. 1, pp. 273, 523.

The courts delight to hear and grant petitions of this kind. They are—says Lord Coke—favorites of the law, and all intendments are in favor of the petitioner. 8th ed. Kent, vol. 4, marg. page 61; Story's Eq. Juris., secs. 629, 630.

The legislature of Illinois have extended the right of dower beyond the common law right, and have also given the widow access to the court of chancery in the first instance, instead of forcing her to the old common law remedy of "Writ of Dower," and have thus manifested an intention to favor the granting of dower.

The courts have also always inclined to favor such petitions, and have liberally construed the law in their favor. 8th ed. Kent, vol. 4, marg. page 61; Story's Eq. Juris., secs. 629, 630; Sisk v. Smith, 1 Gilm. 500; Purpl. Stat. 498, secs. 10, 14.

No act of the husband can debar a widow of dower without her consent, (unless it be a devise of land), and a devise of personal property, or money, would not bar her, even if the will should so provide in express terms.

This is not a case where the widow is compelled to elect. There is no intent manifested on the part of the testator, that the pecuniary provision should be in lieu of dower, and the fair inference and legal presumption is, that it was intended to be a gift, in addition to the right of the widow to her dower. Purpl. Stat. 497, sec. 10 ; Jar. on Wills, ed. Sup. Ct. Lib., vol. 1, pp. 400, 523 ; new ed. Leading Cases in Eq., vol. 1, p. 389 ; 4 Johns. Ch. R., p. 9 ; 2 id., p. 485.

By the law of England prior to January 1st, 1834, a widow might take a provision under the will of her deceased husband, and also her dower in lands owned by him during the coverture. She was not compelled to elect unless the devise was expressly stated to be in lieu of, or in compensation for dower; and by the laws of Illinois in 1859, a widow might take a devise of personalty from her deceased husband, and also her dower in lands, and no devise of personalty could debar her of dower. Purpl. Stat., chap. Dower, p. 496, secs. 1, 10, 14 ; *Kelley* v. *Stinson*, 8 Blackf. 391 ; Leading Cases in Eq., vol. 1, p. 389.

WALKER, J. This was a petition for the assignment of dower. A demurrer was interposed which was sustained by the court, and the bill was dismissed. The petitioner alleges that she was legally married to the testator in the year 1816, and that he died about the 28th of December, 1859, leaving a will which was duly proved, and admitted to record, a copy of which is filed as an exhibit. The material portions of which are as follows :

" Item *Second.* I desire that the sale of my personal estate take place in June next, or as soon thereafter as practicable, and the proceeds thereof, after paying all just demands upon me, to be divided equally between my former wife, Mary, now in Ohio, my wife, Susan H., and the children of both equally, to wit : Simeon, Mary Ann, William, and Eliza Ann, by my wife Mary ; and Ann, Mary Jane and John Levi, by my wife Susan H.

" *Third.* I wish my son Simeon to remain in possession of and occupy the farm on which he lives, viz., S. W. of 32, 10 N., 5 E., free of charge, so long as it may be agreeable

to my wife Susan H., such possession not to extend beyond the time when my youngest child, John Levi, shall become of age. If my wife, Susan H., shall desire to sell said farm previously, she is at liberty to do so, but when sold, the proceeds thereof shall be divided equally among all my heirs above named, to wit, my former wife Mary, my present wife Susan H., and the children of both.

"Item *Fourth.* All my other real estate I leave at the disposal of my wife Susan H., to be sold by her whenever she shall deem proper, not extending this discretion, however, beyond the time of my youngest child, John Levi, becoming of age, the proceeds of such sale or sales to be divided equally between my heirs, as specified in items 2nd and 3rd."

These provisions involve the question, whether the bequests made to appellant, bar her right of dower in the premises described in the petition. The tenth section of the dower act (Scates' Comp. 152) contains this provision: "Every devise of land, or any estate therein, by will, shall bar her dower in lands, or her share in personal estate, unless otherwise expressed in the will; but she may elect whether she will take such devise or bequest, or whether she will renounce the benefit of such devise or bequest, and take her dower in the lands, and her share in the personal estate of her husband." After a careful examination of our statutes, no other provision is found on this subject. It will, however, be perceived, that the fortieth section of the Statute of Wills, in the revision of 1833, provided, that a widow should be barred of her dower, in the estate of her deceased husband, in all cases where any provision should be made for her, in his will. That provision is not limited to a devise of real estate. But in the revision of 1845, this section is omitted from the Statute of Wills, and the tenth section of the present dower act is first inserted in that chapter.

It will be perceived, that the enactment, as it now stands, is more limited in its scope, than was the former provision. The present provision limits the bar, to a devise of land, or some interest therein, whilst the former provision extended it to any provision which was made for the widow, by her hus-

band's will. This change in the language is so marked, that we must conclude, that it was from design, and not accident. Again, the provision as it now stands, is found in the dower act, and was inserted at a time when the law on that subject was undergoing a complete revision. The General Assembly then had the whole subject under consideration, and were engaged in reducing all the enactments on the subject of dower into one law. They must, therefore, have made this change deliberately, and for the purpose of remedying inconveniences, if not evils, under the former law. There can be no reasonable doubt, that it was the design of the legislature, in adopting the present enactment, to bar the widow of her dower, only when the husband has made a devise to her of land or some interest therein, with her express or implied assent. If, however, money or property were bequeathed to her, upon the express condition that it was to be in bar of dower, and should be accepted, it may be that it would have that effect. The mere bequest of personal estate, without such a provision, would not produce that result.

It then remains to determine, whether, by the provisions of this will, land, or any interest therein, was devised to appellant. A devise of lands must necessarily pass an estate in them, to the devisee. And an interest in lands, is manifestly something which may be enjoyed in connection with the land itself. A life or other estate would be an interest in land, but a devise of land, would transfer the title or all of the interest in it. An interest in land embraces something more than a lien upon it, as a security for money. A lien is not the subject of enjoyment in the land, whilst an interest in it is of that character. A power of sale to raise a fund is not an interest in land; it is only a security. A judgment of a court of record is a lien, but it confers no interest in the land, until a sale is had, and the time for redemption has expired.

In equity, a bequest of money to be converted into land, is considered and treated as real estate, and descends to the heir. And land required to be reduced to money, is regarded as personal property, and the court will compel its sale, and it passes to the personal representatives, or distributees. Then

whatever amount of money appellant is entitled to receive on a sale of real estate, must be regarded as personalty, and not as land, or an interest in land. By the will, appellant acquires no right to the land; no right to its possession, control over it, or power of sale. The will simply gives her money, when the land is sold and converted into money. She takes under the will neither a present or future, nor an absolute or a contingent estate in the lands of her husband.

In the case of *Baker* v. *Capenbarger*, 15 Ill. 103, it was held, that a devise of land to be sold, and the money to be distributed among legatees, was a bequest of money, and not a devise of lands. It was also held, that the legatees had no such estate in the premises, as they could convey, or which could be sold on execution. It was likewise held, that by the election of all the legatees, they might take the land itself, instead of the money, but such a change could only be made by the concurrent action of all the legatees; as each has a separate right to insist upon the bequest, as made by the will, the claim of no one of them, to have a sale and receive his share of the money, can be defeated, except by the election of all the legatees. In any point of view in which this case can be considered, it cannot be held, that the bequest to appellant barred her right of dower in the lands of her husband, and which has not been relinquished by her, in the mode prescribed by the statute.

The decree of the court below is reversed, and the cause remanded, with leave to the appellees to answer the bill.

*Decree reversed.*