## William F. Cooper v. John N. English, Adm'r, et al., etc., with the Will Annexed.

1. WILLS—*Disposition of Lapsed Legacies.*—All lapsed gifts of personal property fall into a general residuary bequest, instead of being treated as intestate estate, unless a contrary intention on the part of the testator clearly appears.

2. SAME—*Effect of a Residuary Clause.*—As to personal estate, though it is otherwise as to real property, a residuary clause takes not only everything not disposed of, but everything that turns out not to be disposed of. The law raises a presumption in favor of the residuary legatee.

3. PRESUMPTIONS—*That a Testator Disposes of His Whole Estate.*— Where a man dies leaving a will which does not manifest a clear intention otherwise, the presumption is, that he intends to dispose of his whole estate, and this presumption exercises a controlling influence in settling a doubtful construction.

Bill to Construe a Will.—Trial in the Circuit Court of Jersey County; the Hon. ROBERT B. SHIRLEY, Judge, presiding. Decree for complainant; appeal by defendant. Heard in this court at the November term, 1898. Reversed and remanded, with directions. Opinion filed June 3, 1899.

ED. J. VAUGHN, attorney for appellant.

No rule is better established as to personal estate than that a residuary clause carries not only everything not disposed of, but everything that in the event turns out not to be disposed of, as by lapse and the other means specified in the cases. The law raises a presumption in favor of the residuary legatee against every one except the particular legatee. Crerar et al. v. Williams et al., 145 Ill. 625 (p. 641); Mills v. Newberry, 112 Ill. 123; Missionary Society et al. v. Mead, 131 Ill. 338; 2 Woerner Am. Law Adm., Sec. 437, 462; Horner's Probate Law (2d Ed.), Sec. 133; 2 Redfield on Wills, 175, 176.

Jarman, in discussing the effect of a failure by lapse or otherwise of pecuniary gifts out of proceeds of land, uses this plain language, and which is clearly applicable to the lapsed legacy of $500 to trustees of schools:

"Nor is it to be doubted that where a legacy is payable out of a fund of this description, upon a contingency which does not happen, the residuary devisee of the fund has the benefit of such failure, on the principle that, in the event which has happened, there is no actual disposition in favor of the legatee." 1 Jarman on Wills (6th Ed., Bigelow), page 625.

The heir at law claims the lapsed legacies as intestate estate; but the rule is familiar that the court will, if possible, so construe the will as to prevent partial intestacy. Horner's Probate Law (2d Ed.), Sec. 125; 2 Redfield on Wills (1866 Ed.), p. 442, par. 5 and 6; Howe v. Hodge, 152 Ill. 252 (270); Higgins v. Dwen, 100 Ill. 554; Scofield et al. v. Olcott et al., 120 Ill. 362; Decker v. Decker et al., 121 Ill. 341.

A residuary clause in a will is assumed by the law to have been inserted to prevent intestacy, and has that effect. Crerar et al. v. Williams et al., 44 Ill. App. 497.

Section 12, Ch. 39, R. S., entitled "Descent," does not render the lapsed legacies intestate estate. That section has no application here. Crerar et al. v. Williams et al., 145 Ill. 625.

HAMILTON & HAMILTON, attorneys for John N. English, administrator, etc.

When a legacy is given upon a condition precedent not performed, the legacy falls into the residue; and when a legacy lapses, there being no residuary bequest, it will go to the next of kin as estate undisposed of under the will. 2 Redfield on Wills, 175, 176; Prescott v. Prescott, 7 Met. 141.

If legacies are given out of a particular fund or portion of the testator's estate, and the residue be given to B, it is a question of intention whether the gift to B is to be read as a gift of a mere balance of the fund, after deducting the legacies previously given, or as a gift of the whole fund subject to the legacies as charges. If the latter, lapsed and void interests fall into the particular residue; if the former, the gift to B is regarded as a specific bequest, and the lapsed and void interest falls into the general residue. Am. and Eng. Ency. of Law, Vol. 13, p. 50, and note 2, 1st Ed.

But if on the other hand, as in this case, it was the testator's intention for the executor, after payment of expenses of sale, to pay first the $1,500 in legacies, and then the balance that remained (if any) after paying those legacies to be paid to appellant, the lapsed legacies would not go to appellant, but would, there being no general residuary clause in the will, become intestate estate, and be governed by Sec. 12, Chap. 39, Starr & Curtis R. S. 1896, Vol. 2, p. 1433; Mills v. Newberry, 112 Ill. 123.

GEO. W. HERDMAN, attorney for Marshall M. Cooper, appellee.

The heir at law is never to be disinherited, unless the testator has very clearly shown an intent to do so. Siddons v. Cockrell et al., 131 Ill. 653; 1 Jarman on Wills (6th Ed. Bigelow), star pages 326, 327.

The conversion in this case was not an "out and out" one, or to all intents. It was a conversion for the purpose of the will only. The executor could sell only so much of the land as was necessary to pay valid and unlapsed legacies, and the surplus in his hands, by reason of lapsed or void legacies, still retains the character of real estate, and goes to the general estate for the benefit of the heir at law, and not to the residuary legatee of the particular fund. Rich-

ards v. Miller, 62 Ill. 417; Crerar et al. v. Williams et al., 145 Ill. 640; 1 Jarman on Wills (6th Ed. Bigelow), star pages 597, 598 and note 1; 599, 600, *et seq.*, also star pages 336, 337; 1 Redfield on Wills (Ed. 1864), page 276, par. 5.

In this will the testator excepted from the operation of the residuary clause relating to the particular fund the sum of $1,500 given in specific legacies, and the costs of sale of the land, and then said, " The rest, residue and remainder of the proceeds from the sale of the above described tract of land (if any) I give and bequeath Wm. F. Cooper." 1 Jarman on Wills (6th Ed. Bigelow), star pages 314, 315, 316, and note q.; Williams on Executors, 3d Am. Ed., Vol. 2, star page 1252, *et seq.;* Am. and Eng. Ency. of Law, Vol. 13, pages 42, 43, and note 5; page 44, and note 3; pages 45, 46, 47, 48, and note 1; page 50, and note 2; 1 Jarman on Wills (6th Ed. Bigelow), star page 721, and note; pages 598 to 608, and 587 to 590.

Mr. Presiding Justice Burroughs delivered the opinion of the court.

This was a bill in chancery by John N. English, as administrator with the will annexed, of the estate of Jonathan E. Cooper, deceased; against the appellant Marshall M. Cooper, one of the appellees (an adopted son and sole heir of deceased), and some others, praying the court, among other things, to construe paragraph six of the last will of the testator; and instruct the administrator to whom he should pay the sum of $250, given in that paragraph as a legacy to Mary E. McFain; and the sum of $500 given to the Trustees of Schools of Tp. 8, Rg. 11, in Jersey county, for the use of School District No. 1, in that township.

The bill averred that Mary E. McFain died after the will was made and before the death of the testator, and that the boundaries of said school district had been changed during the same time, so that both of said legacies for those reasons had become lapsed. The bill further averred that by the directions of the Circuit Court of Jersey County, in a proceeding therein instituted for that purpose, the administrator had sold the forty acres of land described in para-

graph six of the will and realized the sum of $1,700 therefor.

A copy of the will was attached to the bill and made a part thereof, from which it appears there was no general residuary clause therein, nor any other provision making any reference to the forty acres of land or the proceeds thereof, except the sixth paragraph.

The appellant and appellee Marshall M. Cooper answered the bill and both admitted that the facts stated therein were true.

On hearing, the Circuit Court, after finding the facts as stated in the bill, decreed that $750 of the proceeds of the sale of the said forty acres of land, representing the two said lapsed legacies, was intestate property of the deceased, and directed the administrator to administer it as such.

The appellant brings the case to this court by appeal, and urges us to reverse that decree on the ground that the court should have found and decreed that the $750 was testate property and expressly given to him by the residuary clause of the sixth paragraph of the will, which is as follows:

"Sixth. I order, direct and empower my executor hereinafter named, to sell at public sale to the highest and best bidder, on such terms as he may think best for the interest of the estate, the northwest quarter of the southeast quarter of section number twenty-nine, in township number eight (8), north of range number eleven (11), west of the third principal meridian, in Jersey county and State of Illinois, and convey the above described tract of land by deed or deeds to the purchaser or purchasers of the same, and out of the proceeds thereof, after paying the expenses of said sale, I give and bequeath to my sister, Mary E. McFain, two hundred and fifty dollars ($250).

To my namesake, Jonathan English Cooper, son of William F. Cooper, of Greene county, Missouri, Five Hundred Dollars ($500.00), and in case of the death of the said Jonathan English Cooper, before said distribution shall have been made, then I order and direct that the said Five Hundred Dollars ($500.00) intended for the said Jonathan English Cooper, to be paid to his father, William F. Cooper.

And to the Trustees of Schools of Township Number eight (8) North, Range Number eleven (11) West of the Third Principal Meridian, in Jersey county, Illinois, to their.

successors in office for the use of School District Number One (1), in said Township, Five Hundred Dollars ($500.00), to be loaned by said trustees, and the interest arising therefrom be applied for general school purposes, for the benefit of said school district Number one (1) aforesaid : Provided the school house in said district Number one (1) remains on the present site and the boundaries of the said district remain as they now are.

And also out of the proceeds of said sale, I give and bequeath to my friend, Hannah White, Two Hundred and Fifty Dollars ($250.00). And the rest, residue and remainder of the proceeds from the sale of the above described tract of land (if any) I give and bequeath to William F. Cooper, of Greene county, Missouri."

We think it is clear that the $1,700 realized from the sale of the forty acres is personal property (Jennings v. Smith, 29 Ill. 116; Baker v. Copenbarger et al., 15 Ill. 104; Rankin v. Rankin. 36 Ill. 293; and Crerar et al. v. Williams et al., 145 Ill. 625); and it is a well settled rule that all lapsed gifts of personal property fall into a general residuary bequest, instead of being treated as intestate estate, descending to the heir at law, unless a contrary intention on the part of the testator clearly appears. ʼSee Crerar et al. v. Williams, *supra*.

" And no rule is better established as to personal estate, though it is otherwise as to real, that a residuary clause carries not only everything not disposed of, but everything that in the event it turns out not to be disposed of, as by lapse, and the other means specified in the cases; and that the law raises a presumption in favor of the residuary legatee." Mills v. Newberry, 112 Ill. 123; Woman's U. M. Society v. Mead, 131 Ill. 338; and Crerar et al. v. Williams et al., *supra*.

In all of the cases above referred to, wills were being construed with reference to a general residuary clause therein; and in each case it was held that a lapsed legacy or gift of personal property fell into the residuum fund and passed to the residuary legatee as testate estate, for the reason that by putting a general residuary clause in his will, the testator thereby conclusively manifested his intention not to die intestate as to any of his personal estate. In the case at bar, the question presented is, where legacies are given in a

paragraph of the will out of a particular fund directed to be raised by the sale of a tract of land named, and the residue of such fund (if any) is expressly given to a legatee named, whether the gift of the residue is a gift of a mere balance of the fund after deducting the legacies previously given, or a gift of the whole fund subject to the legacies as charges? If the bequest to the appellant in the sixth paragraph of this will is a gift of the whole proceeds of the forty acres, subject to the legacies as mere charges on the proceeds, the lapsed legacies must fall into the residue; but on the other hand, if the bequest to the appellant is a gift of the residue of the proceeds after deducting the legacies previously given, then the bequest of the residue is but a specific gift, and the lapsed legacies are intestate estate.

In the absence of any other disposition of the proceeds of the forty acres of land by the testator in the other part of his will, the character of the legacy given to appellant in the sixth paragraph, as to whether it is the one or the other, must be determined by arriving at the intention of the testator as manifested by the language he used in this paragraph. See Am. & Eng. Ency. of Law (1st Ed.), Vol. 13, p. 50.

The provisions of the whole will clearly show that the testator did not intend to die intestate as to any of his property, and especially as to the proceeds of the forty acres of land described in the sixth paragraph; for after he had given $1,500 of it to the four legatees therein named, he then said, "And the rest, residue and remainder of the proceeds from the sale of the above described tract of land (if any) I give and bequeath to William F. Cooper, of Greene county, Missouri," thereby, we think, manifesting his intention not to die intestate as to any part thereof. By construing this paragraph of the will as giving the appellant the whole proceeds, subject to the legacies previously given as charges upon the fund, we not only solve a doubtful intention in favor of testacy, at all events as to this fund, but we also carry out the presumption that by making a will and disposing of all this fund, the testator intended not to die intestate as to any part of it; but if

we construe the residuary bequest to the appellant in the sixth paragraph as a gift of the mere balance of the fund after deducting the four legacies therein previously given out of it, we do not so effectually carry out such presumptive intention, because we thereby say the testator intended to die testate or intestate, as to all of that fund, depending upon whether any one of the three legatees to whom he gave a part thereof died before him, or the boundaries of the school district be changed before his death.

The presumption, where a man dies leaving a will which does not manifest a clear intention otherwise, is that he thereby intends to dispose of his whole estate, and this presumption often exercises a controlling influence in settling a doubtful construction. Scofield v. Olcott, 120 Ill. 374; Woman's U. M. Society v. Mead, *supra*, and Howe et al. v. Hodge et al., 152 Ill. 252.

It has been said " That the idea of any one deliberately proposing to die testate as to a portion of his property, and intestate as to another portion, is so unusual in the history of testamentary disposition as to justify almost any construction to avoid it." Redfield on Wills, Vol. 2, p. 235; Jarman on Wills, Vol. 2 (R. & T. Ed), p. 469, quoted approvingly in Scofield v. Olcott, *supra*, p. 374; Missionary Society v. Mead, *supra*, p. 359; and Howe v. Hodge, *supra*, p. 270.

We are of the opinion, therefore, that the learned chancellor who rendered the decree appealed from erred when he found that the lapsed legacies in question were intestate estate, and decreed that it be administered as such.

We therefore reverse the decree and remand the case to the Circuit Court of Jersey County, with instructions to decree that the $750 in the hands of John N. English, administrator with the will annexed of Jonathan E. Cooper, deceased, which represents the two lapsed legacies mentioned in the bill of complaint herein, is testate estate and is expressly bequeathed by the residuary clause, of the sixth paragraph of the will of Jonathan E. Cooper, deceased, to William F. Cooper, the appellant, to whom it should be paid by the administrator, John E. English. Decree reversed and cause remanded with instructions.