Richard T. Stearns, Appellee, v. Hattie Witt et al., Appellants.

Gen. No. 8,227.

at the May term, 1930. Opinion filed August 27, 1930.

Heard in this court

Wm. Biester, for certain appellant.

William L. Pierce, for appellee.

Mr. Justice Boggs delivered the opinion of the court.

Sarah Jane Witt, a resident of Boone county, Illinois, died testate March 22, 1904, leaving her surviving Isaac N. Witt, her husband, but leaving no child or children or descendant of any child or children. At the time of her death, the deceased owned a certain residence property in the City of Belvidere. The will of said deceased consisted of seven paragraphs. The first paragraph provided for the payment of debts, funeral expenses, etc. The second provided that after the payment of said debts, expenses, etc., all the rest of the property of said deceased, whether real or personal, should go to her husband, for life, with power "to sell, dispose of, deliver and convey," the same as the deceased could do if living. The third, fourth, fifth and sixth paragraphs are as follows: "Third,—After the death of my said husband, I will and direct that all that shall then remain of my said estate, shall as soon as may be thereafter, be converted into money and the sum of One Thousand Dollars ($1,000.00) thereof paid to Richard T. Stearns, who has lived with myself and husband for some time, and to whom I hereby give and bequeath the said sum of One Thousand Dollars, to him and his heirs forever.

"Fourth,—I give and bequeath unto Helen Anderson (formerly Helen Chase) if living at the time of the death of my said husband, the sum of Five Hundred Dollars ($500), to her and her heirs forever, provided however that, if she shall not be living, then what I have herein given and bequeathed to her shall be considered and treated as a part of the rest, residue and remainder of my estate, hereinafter mentioned, and shall go as hereinafter provided in the sixth paragraph of this will.

"Fifth,—I give and bequeath unto each of the children of my husband's brothers and sisters, who shall be living at the time of the death of my husband, the sum of Fifty Dollars ($50), to them and their respective heirs forever, meaning and intending hereby to give to each of my husband's nieces and nephews living at the time of his death, the said sum of Fifty Dollars.

"Sixth,—All the rest, residue and remainder of my estate, remaining after the death of my said husband, either real, personal or mixed property and wheresoever the same may then be found to exist, I give, devise and bequeath unto Myra Johnson, Earl Lucas and Alice C. Babcock, children of my deceased sister, Edna Lucas, to be divided among them equally share and share alike, to them and their respective heirs forever, including the gift and bequest hereinabove to the said Helen Anderson, if she shall not be living at the time of the death of my husband."

The seventh paragraph nominated the said Isaac N. Witt to be the executor of said will, but did not empower him as such to sell said real estate.

Said will was duly admitted to probate, and Isaac N. Witt qualified as the executor thereof. Thereafter, on January 14, 1928, Isaac N. Witt departed this life, without having sold or disposed of said real estate. Prior to the death of said Isaac N. Witt, Helen Anderson, mentioned in the fourth paragraph of said will died, and Earl Lucas, one of the residuary legatees, died leaving him surviving no child or children or descendant of any child or children, but leaving him surviving appellant Sylvia Lucas, his widow.

Richard T. Stearns filed a bill in the circuit court of said county for the sale of said real estate and for the appointment of a commissioner to make such sale and to distribute the proceeds thereof under the provisions of said will and the order of the court. Appellants, as

persons interested in the premises in question and the proceeds thereof, were made parties defendant to said bill.

Failing to answer said bill, appellants were defaulted, and a decree *pro confesso* was entered against them. On the hearing, the court ordered a sale of said premises, and the payment of the specific legacies mentioned in said will. Grace DeWolf was appointed commissioner to make said sale and distribution. Said property was sold for $3,700 and, after the payment of said specific legacies, expenses, etc., there was left a balance of $1,578.56, to be disposed of under the provisions of paragraph 6 of said will.

The litigated question arising on the record is with reference to the right of Sylvia Lucas in the one-third interest of said balance which would have gone to her husband had he survived. The chancellor held that said fund should be considered as real estate, and found the interest of Mrs. Lucas therein to be $305.62. Counsel for Mrs. Lucas insists that the court erred in said finding, and strenuously contends that said fund should be considered as personal property, and that só considered she is entitled to a one-third interest in said fund.

On the other hand, counsel for appellee insist in support of said decree that, while paragraph 3 orders said real estate sold, paragraph 6 discloses that said real estate should be converted into personal property only so far as necessary to pay costs of administration, etc., and the specific legacies mentioned in said will. The principal case relied upon in this connection is *Bennett v. Bennett,* 282 Ill. 266.

In the *Bennett* case, the will of the testator, Alvin Bennett, contained eight paragraphs, the second, fourth, fifth, sixth and seventh being as follows:

"Second—It is my will and I hereby direct my executor to pay to my wife, Margaret Bennett, the part or

portion of my estate which may be legally due her by virtue of her rights under and in conformity to the laws of the state of Illinois.

"Fourth—It is my will and I hereby direct my executor to sell at public sale, according to the laws of the State of Illinois, any and all of the real estate of which I may die seized, for cash in hand, to the highest and best bidder.

"Fifth—After the payment of all my just debts and the payment of what money may be due my wife, Margaret Bennett, as her part or portion of my estate, and the payment of all costs connected with the settlement of my estate, it is my wish that the remainder be divided as follows:

"Sixth—I give, devise and bequeath to my daughter, Olive Bennett, the sum of five hundred dollars ($500) in cash.

"Seventh—It is my will that the remainder, after deducting said bequest of $500, be equally divided among my surviving sons and daughters, share and share equally."

The court had before it for determination in the *Bennett* case the question as to whether the interest of said widow was to be determined on the theory that the real estate had been converted into personal property, or on the theory that it had not been so converted. The court, in discussing this question, at page 276, says:

"Language similar to that used in the second clause of the will under consideration occurs in a great many wills, and it must be assumed that it was used in this will with knowledge of the law in this State; . . . it must be assumed that, as the testator used such language in the will, it was his intention, to be gathered from the language of the will, to give his wife no more than she would get if he had died intestate, and any construction which would increase the portion of his estate given to her would be contrary to the intent to be

gathered from the language of the will. . . . Accordingly, the rights of the widow as fixed by the will are her statutory rights of homestead and dower and her widow's award.''

In the present case, the rights of the husband of the testatrix are not involved, he having died before the bill was filed. The question here for determination is as to whether it was intended that the three persons named in the will of Sarah Jane Witt, deceased, should take the balance of said proceeds as personal property or as real estate. If it was intended that they take said balance as personal property, then, under the provisions of the statute, Mrs. Lucas would take the entire one-third which would have gone to her husband had he survived.

The payment of the court costs, expenses of administration, etc., and said legacies, consumed more than one-half of the proceeds of the sale of said property. Except for the sale of said real estate, said legacies could not have been paid.

The intention of the testator, if not inconsistent with the established rules of law or public policy, must govern. This intention must be gathered from the whole will, and all its parts taken together. *Meins v. Meins,* 288 Ill. 463–465; *Hamlin v. United States Express Co.,* 107 Ill. 443–450.

Paragraph 6 is of a residuary character. This is clearly disclosed by the fourth and sixth paragraphs. The 4th provides that Helen Anderson, if living at the time of the death of the husband of said testatrix, is to be given $500, and, if not so living, said bequest ''shall be considered and treated as a part of the rest, residue and remainder of my estate . . . and shall go as herein provided in the sixth paragraph of this will.'' The sixth paragraph provides that, in the event that Helen Anderson should not be so living, said bequest should pass under paragraph 6 of said will. The use of the

words "devise," and reference to the property as "real, personal or mixed" would not have the effect of giving to the balance of said funds the character of real estate. In discussing a question of this character in *Jansen v. Godair*, 292 Ill. 364, the court at page 376 says:

"Under the direction of the testator that the trustees shall convert all realty into cash, this estate is to be considered as personal property. It has long been the established rule in this State that where a testator directs that his entire estate shall be first converted into money, the estate is to be treated as a devise of money and not of land. (*Baker v. Copenbarger*, 15 Ill. 103; *Jennings v. Smith*, 29 Ill. 116; *Rankin v. Rankin*, 36 Ill. 293; *Crerar v. Williams, supra;* Bispham's Principles of Equity, 307.) Under this will the duty to convert all real estate into money is imperative. Not a single bequest of the will can be satisfied without the payment of money."

To the same effect is *Teater v. Salander*, 305 Ill. 17–21. In *Crerar v. Williams,* 146 Ill. 625, the court at page 641 says:

"It is the well settled rule that all lapsed or void gifts of personal property fall into a general residuary bequest."

In *English v. Cooper*, 183 Ill. 203, the court at page 208 says:

"Under the sixth clause of the will the executor was directed and empowered to sell at public sale, to the highest and best bidder, the forty acres, . . . and to convey the same by deed or deeds to the purchaser, and out of the proceeds thereof, after paying the expenses of sale, the testator directed the payment of four legacies aggregating $1,500, two of which are the lapsed legacies, $250 to Mary E. McFain and $500 to the school trustees. The land sold for $1,700, and having been converted into money, under the provisions of the

will, to be distributed among the legatees, it must be treated as a devise of money and not of land, as held by this court in *Baker v. Copenbarger,* 15 Ill. 103, and is to be regarded as personal property. *Jennings v. Smith,* 29 Ill. 116; *Rankin v. Rankin,* 36 Ill. 293; *Crerar v. Williams,* 145 Ill. 625.

"In *Crerar v. Williams, supra,* we said (p. 641): 'It is the well settled rule that all lapsed or void gifts of personal property fall into a general residuary bequest, instead of being treated as intestate estate, descending to the heir-at-law, unless a contrary intention on the part of the testator clearly appears. The rule and reason for it are clearly stated in *Cambridge v. Rouse,* 8 Ves. 12, and substantially adopted in *Taylor v. Lucas,* 14 N. C. 215, as follows: "No rule is better established as to personal estate, though it is otherwise as to real, that a residuary clause carries not only everything not disposed of, but everything that in the event turns out not to be disposed of, as by lapse and the other means specified in the cases. (1 Ves. Jr. 109, 110; Ambler, 138; 8 Ves. Jr. 25; 4 id. 732; 15 id. 509.) The law raises a presumption in favor of the residuary legatee against every one except the particular legatee." ' In *Mills v. Newberry,* 112 Ill. 123, and in *Woman's Union Missionary Society v. Mead,* 131 Ill. 338, this court recognized and approved this rule.''

It should be observed that, while Myra Johnson and Alice C. Babcock appear in the title of the cause as appellants, they disclaimed any dissatisfaction with the decree, and filed briefs in support thereof.

Without going into a further discussion of the authorities, we are of the opinion and hold that, taking the will of the testatrix into consideration in its entirety, the balance remaining after the payment of said specific legacies, costs of administration, etc., amounting to $1,578.36, should be held to be personal property and as such, appellant Sylvia Lucas is entitled to the one-third thereof.

For the reasons above set forth, the decree of the trial court will be reversed and the cause will be remanded, with directions to enter a decree in conformity with this opinion.

*Reversed and remanded with directions.*